IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MARLON MAURICE ELLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 117-091 |
| | ) | |
| MS. YOUNG and MRS. HAMILTON, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff, currently incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, submitted to the Court for filing a complaint brought pursuant to 42 U.S.C. § 1983, and he requested permission to proceed *in forma pauperis* ("IFP"). (Doc. nos. 1, 2.) By Order dated August 8, 2017, the Court denied the request to proceed IFP and directed Plaintiff to submit the full $400.00 filing fee within twenty-one days. (Doc. no. 4.) Specifically, the Court found there was a balance of $6,063.18 in his prisoner trust fund account, and he had total deposits of $9,000.00 to his account for the past six months. (Doc. nos. 2, 3, 4.) The Court warned Plaintiff that failing to pay the $400.00 filing fee within twenty-one days would result in a recommendation for dismissal of this case without prejudice. (Doc. no. 4, p. 2.)

Based on Plaintiff's explanation of his difficulty requesting prison officials deduct the filing fee from his prison trust account, the Court then extended the deadline for paying the full filing fee until September 15, 2017, and again warned Plaintiff the consequence of

failing to pay the fee would be a recommendation for dismissal without prejudice. (See doc. nos. 5, 6.) When the September 15th deadline had passed and Plaintiff had not paid the $400.00, the Court recommended dismissing the case without prejudice. (Doc. no. 9.) Plaintiff objected to the recommendation for dismissal and provided the Court with paperwork suggesting prison officials knew about Plaintiff's obligation to pay the filing fee but had not forwarded the fee as Plaintiff had requested. (Doc. no. 11.)

As the Court's prior recommendation for dismissal was based on the failure pay the filing fee, and Plaintiff has provided paperwork suggesting prison officials are responsible for the non-compliance, the Court **VACATES** it prior Report and Recommendation. (Doc. no. 9.) The Court expects prison officials will forward the $400.00 filing fee to the Court by no later than Monday, November 6, 2017. If the fee has not been paid by November 6th, the Court expects the Warden at ASMP will submit a written explanation for the delay to the Court by that same date. In any event, there is no need to further delay the progress of this case.

Because Plaintiff is proceeding *pro se*, the Court will provide him with some basic instructions regarding the development and progression of this case. Initially, Plaintiff is responsible for serving Defendants. In order to properly request that Defendants waive personal service, Plaintiff must:

(1) obtain from the Clerk of Court an appropriate number of copies of[1]

    (a) the notice of lawsuit and request to waive service of summons form, and

    (b) the waiver of service of summons form;

(2) complete both forms for each Defendant; and

---

[1]The Court **DIRECTS** the **CLERK** to attach the appropriate number of copies of these documents to the service copy of this Order.

2

(3) mail the completed notice form, along with a copy of the file-stamped amended complaint and two waiver forms appended to Federal Rule of Civil Procedure 4, to Defendants by first class mail, with a prepaid means for returning the waiver form, and request that each Defendant waive formal service of the summons. Using the form appended to Rule 4, Defendants must be informed of the consequences of waiving and not waiving service.[2]

Fed. R. Civ. P. 4(d).

Plaintiff must serve Defendants within ninety days from the date of this Order, and failure to do so may result in the dismissal of individual Defendants or the entire case. Fed. R. Civ. P. 4(m). Individuals, corporations, partnerships, and associations have a duty to avoid unnecessary expenses of serving the summons, and a defendant who fails to sign and return a waiver without good cause must bear the expenses incurred in making personal service. Fed. R. Civ. P. 4(d)(1) & (2). A Defendant whose return of the waiver is timely does not have to answer the complaint until sixty days after the date Plaintiff mails the request for waiver. Fed. R. Civ. P. 4(d)(3). However, should a Defendant choose not to waive personal service of the summons and complaint, Plaintiff is still responsible for properly effecting personal service. Fed. R. Civ. P. 4(c), (e).

**IT IS ORDERED** that Plaintiff shall serve upon Defendants, or upon their attorney if appearance has been entered by counsel, a copy of every further pleading or other document submitted to the Court. Plaintiff shall include with the papers to be filed a certificate stating the date a true and correct copy of any document was mailed to Defendants or their counsel. Fed. R. Civ. P. 5; Loc. R. 5.1. Every pleading shall contain a caption setting forth the name of the court, the title of the action, and the file number. Fed. R. Civ. P. 10(a). Any paper received by a

---

[2] The **CLERK** is **INSTRUCTED** to attach a copy of Fed. R. Civ. P. 4, including the appended forms, to Plaintiff's service copy of this Order so that Plaintiff can provide the required information to Defendants and verify the appropriate method of service for each Defendant.

District Judge or Magistrate Judge that has not been properly filed with the Clerk of Court or that fails to include a caption or certificate of service will be returned.

It is Plaintiff's duty to cooperate fully in any discovery that may be initiated by Defendants. Upon being given at least five days' notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath and solemn affirmation, any question that seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case. Defendants shall ensure that Plaintiff's deposition and any other depositions in the case are taken within the 140-day discovery period allowed by this Court's Local Rules.[3]

While this action is pending, Plaintiff shall immediately inform this Court and opposing counsel of any change of address. Failure to do so will result in dismissal of this case.

Plaintiff must pursue this case and failure to do so may result in dismissal for want of prosecution. Fed. R. Civ. P. 41; Loc. R. 41.1. If Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26 through 37 (containing the rules governing discovery and providing for the basic methods of discovery). Plaintiff should begin discovery promptly and complete it within the time limit set forth in Local Rule 26.1(d).

Interrogatories are a practical method of discovery for *pro se* litigants. See Fed. R. Civ. P. 33. Interrogatories shall not contain more than twenty-five questions. Id. Plaintiff must have

---

[3]The Local Rules and commonly used Forms may be found on the Court's website at www.gasd.uscourts.gov/.

4

the Court's permission to propound more than one set of interrogatories to a party. Discovery materials should not be filed routinely with the Clerk of the Court. Exceptions include when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. If Plaintiff wishes to file a motion to compel pursuant to Fed. R. Civ. P. 37, he should first contact the attorney for Defendants and try to work out the problem. If Plaintiff proceeds with the motion to compel, he should also file therewith a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Loc. R. 26.5.

Plaintiff must maintain a set of records for the case. If papers are lost and new copies are required, these may be obtained from the Clerk of the Court at the standard cost of fifty cents per page.

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen days of its service. "Failure to respond within the applicable time period shall indicate that there is no opposition to a motion." Loc. R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that there is no opposition to the defendant's motion and grant the dismissal.

A response to a motion for summary judgment must be filed within twenty-one days after service of the motion. Loc. R. 7.5, 56.1. A failure to respond shall indicate that there is no opposition to the motion. Loc. R. 7.5. Furthermore, each material fact set forth in a defendant's statement of material facts will be deemed admitted unless specifically controverted by a statement filed by Plaintiff. Loc. R. 56.1. Should a defendant file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine issue as to any material fact in this case. That burden cannot be carried by reliance on

5

the conclusory allegations contained within the complaint.  Should a factual assertion in a defendant's motion for summary judgment be supported by affidavits or other materials in the record as provided in Fed. R. Civ. P. 56(c), Plaintiff must respond in kind with counter-affidavits or other such materials, if he desires to contest the defendant's factual assertion.  Should Plaintiff fail to properly address a defendant's factual assertions and show that there is a genuine issue for trial, the factual assertions made in the defendant's motion which are properly supported will be accepted as undisputed and, if the defendant is entitled to judgment as a matter of law, summary judgment will be entered against Plaintiff pursuant to Fed. R. Civ. P. 56.

The Court **DIRECTS** the **CLERK** to serve a copy of this Order on Plaintiff's custodian (warden) and Laura L. Lones, Department of Law, Georgia Attorney General's Office.

SO ORDERED this 30th day of October, 2017, at Augusta, Georgia.

*[signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA