IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MARLON MAURICE ELLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 117-091 |
| | ) | |
| MS. YOUNG and MRS. HAMILTON, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, currently incarcerated at Augusta State Medical Prison in Grovetown, Georgia, submitted to the Court for filing a complaint brought pursuant to 42 U.S.C. § 1983, and he requested permission to proceed *in forma pauperis* ("IFP"). (Doc. nos. 1, 2.) By Order dated August 8, 2017, the Court denied the request to proceed IFP and directed Plaintiff to submit the full $400.00 filing fee, which he eventually did. (Doc. no. 4; doc. entry Nov. 13, 2017.)

Because Plaintiff is proceeding *pro se*, the Court provided him with basic instructions regarding the development and progression of this case. (Doc. no. 12.) The Court explained Plaintiff is responsible for serving each Defendant and explained how service could be accomplished. (Id. at 2-3.) The Court specifically informed Plaintiff that under Fed. R. Civ. P. 4(m), he had 90 days from the date of the instruction order, October 30, 2017, to accomplish service and that the failure to accomplish service could result in dismissal of individual defendants or the entire case. (Id. at 3.) The Court also specifically instructed Plaintiff he must serve Defendants with a copy of every pleading or other document

submitted to the Court and must include with his filings a certificate state the date a true and correct copy was mailed to Defendants or their counsel. (Id. at 3 (citing Fed. R. Civ. P. 5 and Loc. R. 5.1)).)

On January 18, 2018, Plaintiff filed a document entitled "Motion for Summary Judgement." (Doc. no. 15.) In one paragraph, Plaintiff argues he is entitled to summary judgment because he mailed a summons to Defendants on November 4, 2017, but they have not answered. (Id.) The attached Certificate of Service does not state the motion was served on Defendants, but instead certifies the allegations in the complaint and the motion for summary judgment are true. (Id. at 3.) In addition to failing to serve his motion on Defendants, Plaintiff also failed to file, in accordance with Loc. R. 56.1 regarding summary judgment motions, a "separate, short, and concise statement of the material facts as to which it is contended there exists no genuine issue to be tried as well as any conclusions of law thereof."

Aside from these technical deficiencies, Plaintiff's motion reveals a fundamental problem in that it is clear Plaintiff has not accomplished service on Defendants. As the Court explained, Plaintiff is responsible for effecting service, and although a defendant may be responsible for bearing the cost of service if she fails to return a waiver of service of summons form, "Plaintiff is still responsible for properly effecting personal service." (Doc. no. 12, p. 3 (citing Fed. R. Civ. P. 4(c), (e).) Thus, if Defendants have chosen not to return a waiver of service of summons form, it is incumbent on Plaintiff to make arrangements for personal service.

Plaintiff's summary judgment motion is, in substance, a request for default based on the failure of Defendants to file an answer. However, a defendant is not required to file a

pleading or otherwise defend herself unless and until she is properly served. Varnes v. Local 91, Glass Bottle Blowers Ass'n of the United States and Canada, 674 F.2d 1365, 1369-70 (11th Cir. 1982) (prohibiting entry of default on amended complaint that was not properly served). As there is no proof of service in the record, see Fed. R. Civ. P. 4(l), there is no basis for finding either Defendant in default, let alone awarding Plaintiff judgment against them.

In sum, because Plaintiff's motion was not filed in accordance with the Local Rules, it should be denied. See Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979)[1] (*per curiam*) (stating that a motion may be denied for failure to comply with a Court's Local Rules). Nor is Plaintiff entitled to a finding of default or entry of judgment simply because he has failed to properly effect service on Defendants. Accordingly, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion for summary judgment be **DENIED**. (Doc. no. 15.) If Plaintiff does not accomplish service of process and provide proof of the same as required under Fed. R. Civ. P. 4(l) by January 29, 2018, his case may be dismissed.[2]

SO REPORTED and RECOMMENDED this 25th day of January, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] In Bonner v. City of Prichard, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

[2] Notably, Plaintiff may, if necessary, request an extension of time to properly effect service of process. Rule 4(m) empowers courts to extend the time for service with no predicate showing of good cause. Henderson v. United States, 517 U.S. 654, 662-63 (1996); Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132 (11th Cir. 2005) (permitting extension of service period, even in absence of good cause).