IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MARLON MAURICE ELLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 117-091 |
| | ) | |
| DONNA YOUNG and | ) | |
| JUDY HAMILTON, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, currently incarcerated at Augusta State Medical Prison in Grovetown, Georgia, is proceeding *pro se* in this case filed pursuant to 42 U.S.C. § 1983. Although Plaintiff paid the $400 filing fee, the Court granted Plaintiff's request for help effecting service of process, and on March 15, 2018, ordered the United States Marshal to service Defendants Young and Hamilton. (See doc. nos. 24, 25.) The United States Marshal sent waivers of service to both Defendants on March 23, 2018, and the waivers were timely returned on April 6, 2018. (See doc. nos. 28, 29.) Defendants sought and received an extension of time to answer the complaint, and both Defendants timely filed their answer on June 22, 2018. (Doc. nos. 36, 37, 40.) Despite the timely filing of an answer, Plaintiff filed a "Motion for Judgement by Default," in which he asserts he is entitled to entry of a default judgment because Defendants purportedly failed to respond to his complaint. (Doc. no. 42.) Defendants oppose the motion, pointing out they timely filed an answer. (Doc. no. 43.)

By its terms, Federal Rule of Civil Procedure 55 contemplates two steps before entry of a default judgment. First, the party seeking a default must have the Clerk enter the default by submitting an "affidavit or otherwise" showing that the defaulting party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Thereafter, the moving party may then seek entry of a default judgment under Rule 55(b). Under Rule 55(b)(1), the Clerk is directed to enter a default judgment upon request of the plaintiff when all of the following conditions are present: (1) the claim is for a sum certain, or for a sum that can by computation be made certain, which is supported with an affidavit showing the amount due; (2) the default is for want of appearance; and (3) the defendant is neither an infant nor an incompetent person.

This is Plaintiff's first filing regarding default, and therefore by definition, he is not entitled to the default judgment he seeks. Moreover, a default judgment is available under Fed. R. Civ. P. 55 only when a party has failed to plead or otherwise defend as provided by the Federal Rules. However, a defendant is not required to file a pleading or otherwise defend himself unless and until he is properly served. <u>Varnes v. Local 91, Glass Bottle Blowers Ass'n of the United States and Canada</u>, 674 F.2d 1365, 1369-70 (11th Cir. 1982) (prohibiting entry of default on amended complaint that was not properly served). A review of the record shows that Defendants timely responded to the Marshal's request for waiver of personal service, and a timely answer was filed on June 22, 2018. (Doc. nos. 28, 29, 40.) Thus, default judgment is not appropriate, and the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion requesting the same be **DENIED**. (Doc. no. 42.)

Finally, the Court cautions Plaintiff all future filings must comply with the Local Rules. In violation of Local Rule 5.1, Plaintiff did not include a certificate of service with

2

his current motion stating he had served the motion on opposing counsel and identifying the address where he served the motion. Rather, Plaintiff states only that a correct copy had been sent to "all parties," and the only address listed was that of the Clerk of Court. (Doc. no. 42, p. 3.) The Court cautions Plaintiff any future failure to comply with the Local Rules may result in summary denial of a non-compliant motion. See Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979).[1]

SO REPORTED and RECOMMENDED this 9th day of July, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.